In the Matter of the Estate of MARIA ARMSTRONG, Deceased.

Surrogate's Court, New York County, May 3, 1938.

*Rabe, Keller & Davis*, for the petitioner.

*Patrick J. Leahon*, in person.

*Edgar Hirschberg*, for the State Tax Commission.

DELEHANTY, S. This is an application for ancillary letters with the will annexed. The petitioner describes himself "as the administrator with the will annexed of the goods, chattels and credits of Maria Armstrong, late of the county of Bergen, State of New Jersey, deceased." The petition alleges that at the time of her death deceased was a resident of New Jersey and that she died in Boston, Mass., leaving personal property in the county and State of New York. An answer was filed by the individual cited on the application denying the jurisdiction of the New Jersey court to make the decree under which petitioner claims authority to act. The State Tax Commission filed an answer also denying domicile of the deceased in New Jersey and asserting domicile in the city and county of New York. The court took proof on the issues thus presented.

Deceased was over eighty years of age at the time of her death. She was born in Ireland. She emigrated to this country in her early years; the exact date is not shown in the record. After retiring from long years of domestic service, she lived for a time with a

sister in Englewood, N. J. Having quarreled with this sister, she came in 1933 to the county of New York, where she lived with other relatives, with whom in turn she had a misunderstanding, as a result of which she moved to a furnished room.

In 1935, some two years after leaving Englewood, deceased determined to go back to Ireland, where she had a sister living. When she applied for a passport to return to Ireland she stated to the Consulate General of Ireland that her address was 309 East Forty-second street, New York city. She did not seek any permit to return to the United States. She had never become naturalized here. She returned to the country of her origin and the proof shows beyond any reasonable doubt that when she left this country she intended finally to make her home in Ireland.

Apparently she found living conditions in Ireland less satisfying than she had expected they would be. She became ill there and determined to come back to the United States. Not being a citizen and not having a return permit, she had difficulty in obtaining an American *visa*. She wrote to her various connections in this country both in New Jersey and in New York city and eventually and after long delay obtained a *visa* which enabled her to sail from Ireland on December 8, 1936. She became very ill on the steamer and was taken off at Boston, where she died on December 13, 1936. In the instrument propounded as her will and admitted to probate in New Jersey she declared herself to be of a town in the county of Offaly, Irish Free State. The instrument was executed in the Irish Free State.

The court finds on this record that deceased had not been domiciled in New Jersey since 1933. The court finds that New York was her second domicile of choice. The court finds that when deceased left New York she intended to establish a domicile in Ireland. There is no real conflict between the declarations of deceased and her acts in respect of her domicile. Both establish that her domicile reverted to her domicile of origin as soon as she was established in Ireland. (*Matter of Lachenmeyer*, 144 Misc. 678; *Matter of Robitaille*, 78 id. 108; *Matter of Wrigley*, 8 Wend. 134.)

Having found as a fact that deceased was domiciled in Ireland it follows that her intention to change her domicile, evidenced though it was by her physical leaving of Ireland in December, 1936, had not ripened into an actual change. Her death while progressing from her domicile of origin to a new residence left her domicile unchanged. (Restatement of the Law of Conflict of Laws, § 23; *Matter of Newcomb*, 192 N. Y. 238.) Her existing domicile in Ireland is presumed to have continued until she actually had acquired a new one. Plainly she did not intend to acquire a

domicile in Massachusetts since her presence there at the time of death was purely accidental. Her intention to acquire a new domicile either in New Jersey or in New York does not suffice to effectuate the change. (*Matter of Newcomb, supra; Dupuy* v. *Wurtz*, 53 N. Y. 556; *Mitchell* v. *United States*, 88 U. S. 350; *Graham* v. *Public Administrator*, 4 Bradf. 127; 5 A. L. R. 296.)

Having reached the conclusion that this deceased at her death did not reside either in New Jersey or in New York there is presented a problem of jurisdiction to issue ancillary letters. Concededly the instrument admitted to probate in New Jersey has not been admitted to probate in Ireland. At any rate the application here made is based wholly upon a probate in New Jersey. The power to issue ancillary letters is limited to three categories. The first is where the will of the non-resident has been *admitted in the country of his residence*. The second is where it was *executed* within a State or Territory of the United States *and was admitted to probate therein*. The third is where the will was admitted to probate in a State or Territory of the United States where the *testator resided at the time of his death*.

The text of section 159 of the Surrogate's Court Act regulating the issuance of ancillary letters is derived from the Code of Civil Procedure, section 2695, as it existed prior to the general amendments of 1914. Except for verbal changes the language of section 159 of the Surrogate's Court Act is precisely the same as was the text of section 2695 of the Code of Civil Procedure considered and cited by the Court of Appeals in *Taylor* v. *Syme* (162 N. Y. 513). In that case the petition asserted the execution of the will in Louisiana and its probate there. It sought ancillary letters here. To the petition was annexed a transcript of the record of probate which showed that deceased had executed her will in Alabama and that she was domiciled in the latter State. The court said that the surrogate had no jurisdiction on this record. The case has been often cited on other points but apparently with approval on this point in *Matter of Connell* (221 N. Y. 190).

The court is not bound by the decree of the State of New Jersey so far as it adjudges that deceased died a resident of that State. (*Matter of Cornell*, 267 N. Y. 456; *Matter of Connell, supra; Matter of Horton*, 217 N. Y. 363; *Tilt* v. *Kelsey*, 207 U. S. 43.) Nothing in the record invokes any rule of comity. Such rule in no event could be resorted to because it cannot supply jurisdiction otherwise absent. Basis to jurisdiction here is lacking.

Accordingly the application for the issuance to petitioner of ancillary letters is denied in all respects. Submit, on notice, decree accordingly.