ASA W. BROWN *vs.* MAXWELL W. WALDMAN *et al.* AS MEMBERS OF THE RACING AND ATHLETICS HEARING BOARD.

JANUARY 17, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

CONDON, C. J. This is a petition for certiorari to review the decision of the racing and athletics hearing board sustaining the racing and athletics commission's suspension of the petitioner as a running-horse trainer in this state. We issued the writ and in compliance therewith the board has made due return to this court of all the records and papers in the cause.

It appears therefrom that petitioner was the trainer of the mare Good Gracie, hereinafter referred to as the mare, which was the winner of the fifth race at Lincoln Downs on March 28, 1961. It further appears that as a result of a test of the mare's urine after the race it was discovered that it contained thiamine hydrochloride (vitamin B-1), in

a concentration of 31 mgms per 100 mils of urine. Thereupon the racing stewards at the track suspended petitioner on April 4, 1961 and referred the matter for further consideration to the racing and athletics commission, hereinafter called the commission.

On April 11, 1961 petitioner was accorded a hearing before the commission. As a result thereof the commission upheld the action of the stewards and continued petitioner's suspension through June 4, 1961. From such decision petitioner appealed to the respondent board. In accordance with G. L. 1956, §41-2-4, the board heard the cause de novo both as to the law and the facts presented by the commission in support of its decision and by petitioner in opposition thereto. Thereafter on June 14, 1961 the board rendered a decision sustaining the order and ruling of the commission.

The petitioner alleges in the instant petition that the board's decision is null and void and should be quashed for the following reasons: (1) that there was no evidence which satisfactorily identified the sample of urine analyzed by the state toxicologist as the same sample which was taken from the mare; (2) that there was introduced into the mare by the commission's agents or servants an unknown, illegal foreign substance; (3) that the state toxicologist usurped the powers of the stewards and the commission first by determining what was a violation of its rules, and secondly by what was a drug thereunder; (4) that thiamine hydrochloride (vitamin B-1) is not a drug but a food element under Rhode Island law; (5) that the board erred in its rulings at the hearing, on his motions to declare the suspension null and void, and in its decision on the merits; and finally (6) that the evidence does not support the findings in the board's decision.

Before the petition came on for hearing on the merits before us the petitioner's suspension had expired. Because of this fact the commission contends that the questions raised are now purely academic and therefore the cause is moot,

and it cites in support of its view *Carpenter, Atty. Gen. ex rel.* v. *Town Council,* 45 R. I. 494. We do not agree. The situation which was presented in that case was not the same as the one in which petitioner is placed by the order of suspension. If the record here is allowed to stand uncorrected it could adversely affect petitioner in the pursuit of his calling as a trainer in this state and elsewhere. Therefore whether he has been illegally found guilty of violating the regulations of the commission is a justiciable question which he is entitled to have judicially determined.

There is no merit in the forementioned reason numbered 1. In our opinion there was some competent evidence from which the board could reasonably conclude that the urine analyzed by the state toxicologist was the sample taken from the mare after the race. It is true that some doubt as to the identity of the sample may have been raised by petitioner's persistent cross-examination as is indicated by the dissent of one member of the board. However, we think that such cross-examination did not destroy the evidence but went only to its weight. We do not consider its probative force. In certiorari this court neither weighs the evidence nor passes upon the credibility of the witnesses. *Kmiec* v. *Liquor Control Hearing Bd.,* 87 R. I. 257; *Lombardo* v. *DiSandro,* 81 R. I. 393; *Rhode Island State Fair Ass'n* v. *Racing and Athletics Hearing Bd.,* 80 R. I. 486.

The petitioner presented no evidence to the board that the commission's agents had introduced an illegal, unknown foreign substance into the mare. And he brought out nothing in his cross-examination of the state's witnesses on this point that would require the board to draw an inference to such effect from their testimony. His second reason is therefore devoid of any semblance of support in the record.

His third and fourth reasons may be considered together. From our reading of the transcript we have found nothing to show usurpation of the function of either the stewards or the commission by the state toxicologist. He merely

testified that the sample which was given to him for analysis contained 31 mgms of thiamine hydrochloride (vitamin B-1) per 100 mils of urine, that in his opinion it was a drug, and that it was so classified in the United States Pharmacopeia. His analysis and opinion were evidence that the commission could properly consider in passing upon the stewards' complaint against petitioner. It was in no sense a prejudgment of that matter by the toxicologist.

In cross-examination of the witness, petitioner attempted to develop knowledge on his part that B-1 is a requisite element in food for human consumption and that in certain amounts it was so required by the law of the state. It appears from the transcript that such examination was designed more to probe the witness' knowledge that B-1 was a food for horses as well as human beings rather than to prove it was not a drug. In any event whether petitioner's cross-examination of the witness plus the testimony of his own witnesses had the effect of disproving that B-1 was a drug within the meaning of the commission's regulations and of proving that it was a proper food for horses was for the board to determine.

On all the evidence on this point which it discusses in its decision the board decided that B-1 was a drug, and in the amount found in the sample by the toxicologist was a violation of the commission's regulations for which petitioner was responsible. In its decision it expressly finds: "The testimony of the toxicologist is that the thiamine in the quantity found to be present in the analysis in this case was a drug and we are in agreement with this statement. The presence of a drug in the system of the horse at the time of the race was a violation of rule 519A and 519B of the commission. The responsibility for the existence of said condition under the commission's rule 600 rests upon the trainer."

Under his fifth reason petitioner contends that the board erred in its rulings during the hearing, in denying his mo-

tions to declare his suspension null and void, and in its decision on the merits. We shall consider each contention separately. His complaint with reference to the rulings does not specifically identify those complained of and hence it is not entitled to consideration. In this respect the rule governing review by certiorari is ordinarily the same as by bill of exceptions in an action at law or by reasons of appeal in a suit in equity. Only in an unusual situation involving public interests does the court depart from such rule and permit the hearing to take on a broader scope than that set out in the statement of errors in the petition. See *Rice, Atty. Gen. ex rel.* v. *Town Council,* 35 R. I. 117.

The motions to declare the suspension null and void raise for the most part the same questions that are involved in petitioner's objections to the board's decision on the merits. As to reason No. 22 (d) of one of the motions, however, such is not the case. It is therein urged: "That said alleged Rules and Regulations of said Commission violate the constitutional provisions of this State and of the United States." There are two grounds upon which the question raised by this reason is not entitled to consideration. The first is that there is no specification of the provision of either constitution alleged to have been violated. We have repeatedly held that to be entitled to consideration such a question must be stated in clear and direct language identifying separately each specific article, section and clause of the constitution. *American Textile Co.* v. *DeAngelo,* 83 R. I. 234; *Gradilone* v. *Superior Court,* 79 R. I. 256. The other ground is that such a specific constitutional question is not stated in the petition for certiorari.

The only remaining question is whether there is any legal evidence to support the findings in the board's decision. We do not deem it necessary to discuss the facts at any further length. It is sufficient to say that in our opinion the evidence which the board discussed in its decision and upon which it relied for its findings precludes us from hold-

ing that there was no legal evidence to support them. In other words we think the commission's evidence, regardless of whether its probative force was weakened by the petitioner's contrary thereto and by his cross-examination of the commission's witnesses, furnished a sufficient basis for the board's decision.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records and papers certified to this court are ordered returned to the board with our decision endorsed thereon.

*Bernard C. Gladstone, Harry Philip Edwards,* Boston, *Joseph A. Greer,* Boston, for petitioner.

*J. Joseph Nugent,* Attorney General, for respondents.