MICHAEL F. COSTELLO *vs.* KATHRYN E. CONLON. May 3, 1962. Decree affirmed. The contestant appeals from a decree allowing a will and one codicil, in which Mr. Costello, the decedent's Rhode Island lawyer, was named as executor. There is no report of material facts. The evidence, which is reported, amply supports the conclusions that the decedent had her domicil in Massachusetts at her death on October 26, 1960, when nearly 94, and that she had testamentary capacity in 1957 when the will and codicil were executed. One witness to the codicil had moved to Connecticut and was in poor health. Her testimony was not essential. See *Finer* v. *Steuer,* 255 Mass. 611, 616; *Goodwin* v. *Riordan,* 333 Mass. 317, 318. A finding was justified that there was no undue influence by Mr. Costello, who was bequeathed about $16,000 from an estate of about $114,000. He did not draw the will and codicil and was not shown to have been present when they were signed or discussed. The judge did not order, as requested by the contestant's attorney, the production by Mr. Costello of certain documents which he had delivered to his counsel. The examination by the contestant's attorney of most of the witnesses, including Mr. Costello, was repetitious and unduly prolonged. After a number of warnings about repetition of inquiry and the need of more relevant questions, the judge cut off this attorney's examination of Mr. Costello. In the absence of indication of unexplored relevant areas about which the attorney wished to make inquiry, and where the attorney had

not taken advantage of all usual opportunities for examination of Mr. Costello and of his counsel with respect to the documents, we cannot say that the judge abused his discretion in restricting the examination as he did.

*William H. McSoley, Jr.*, of Providence, Rhode Island (*Quentin J. Geary* of Providence, Rhode Island, with him), for the contestant.

*Richard K. Martin* for the proponent.