MICHAEL F. COSTELLO, *Ex'r vs.* PROBATE COURT OF THE CITY OF PAWTUCKET.

ELIZABETH M. O'BRIEN *vs.* MICHAEL F. COSTELLO *et al.*

OCTOBER 28, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. These cases were heard together. The first case, Costello v. Probate Court, is a petition for certiorari to review the action of the probate court of the city of Pawtucket wherein it ordered that an authenticated copy of the will and codicil of Ellen M. Darcey, deceased, as finally proved and allowed in Massachusetts, be filed and recorded and that letters testamentary be issued to Michael F. Costello.

The second case, O'Brien v. Costello, is an appeal from a decree of the superior court granting a temporary injunction after a hearing by a justice of that court upon the complainant's sworn bill. Neither party presented any evi-

dence. Of the four respondents named in the bill of complaint, only two filed reasons of appeal and only the respondent Costello either briefed or argued his contentions and our decision is limited to his appeal.

We shall hereinafter refer to the first case as "the certiorari proceedings," to the second case as "the equity cause," to Michael F. Costello as "Costello," and to Elizabeth M. O'Brien as "O'Brien."

We consider first the certiorari proceedings wherein we issued the writ on the strength of Costello's allegations that the probate court acted illegally in fixing the amount of his bond at $200,000 with surety, in ordering that the bond be conditioned on the assets of the estate remaining "in Rhode Island until such time as this matter has been fully litigated to whatever court it ultimately goes," and in appointing three appraisers. Costello further represented that certiorari was the only adequate remedy by which those illegalities could be corrected. Pursuant to the writ, the pertinent records have been certified to this court.

The initial question is whether certiorari is the appropriate vehicle for reviewing the alleged errors. If it is not, we do not reach the issues of whether the actions of the probate court were without or in excess of its jurisdiction. Preliminarily we must determine whether some other adequate procedure was available for review of the claimed errors.

Since the enactment in 1905 of sec. 796 of the court and practice act, now G. L. 1956, §33-23-1, this court has held that under our practice, in the absence of some contrary provision, the superior court has exclusive and original jurisdiction on appeals from orders and decrees of the probate court. *MacKenzie & Shea* v. *R. I. Hospital Trust Co.*, 45 R. I. 407, 413. This is the procedure followed where the appealing party has been an executor or administrator.

Thus, in *Rhode Island Hospital Trust Co.* v. *Hopkins*, 38 R. I. 59, it was from a decree fixing an allowance out of

the decedent's estate of a sum for the support of the testator's family; in *Kenyon* v. *Hart*, 38 R. I. 524, it was from a decree removing an administrator of an estate; and in *Hall* v. *Burgess*, 40 R. I. 314, it was from a decree denying permission to provide perpetual care for the decedent's grave.

On these authorities we conclude that Costello was an aggrieved person who in these circumstances could have appealed to the superior court, there had a hearing de novo, and then could have final review in this court by a bill of exceptions. That Costello may have neglected to claim and thereby lost the statutory right to claim an appeal to the superior court does not open the door to him for review by certiorari for the writ is not a substitute for an appeal lost by lapse of time. *Cohen* v. *Superior Court*, 39 R. I. 272.

Having concluded that Costello had another adequate remedy for review of the alleged illegal actions of the probate court, certiorari is unavailable unless there are unusual or exceptional circumstances. This is the rule laid down in *Hyde* v. *Superior Court*, 28 R. I. 204, and reaffirmed many times since and as recently as the last term of court in *Rogers* v. *Rogers*, 98 R. I. 263, 201 A.2d 140.

Such unusual or exceptional circumstances are found, Costello argues, in the proliferation of pending legal proceedings affecting the Darcey estate, a condition which he contends will occasion great delay and expense in the settlement thereof, and will interfere with its orderly administration.

That litigation in addition to the certiorari proceedings and the equity cause includes the following causes all pending in the superior court: the probate appeal by O'Brien from the decree here reviewed; the appeals from decrees of the probate court denying the respective petitions of O'Brien and Kathryn E. Conlon, both nieces, next of kin and heirs-at-law of the decedent, for administration on her estate; and the equity suit of Kathryn E. Conlon,

424

individually and as custodian of the Estate of Ellen M. Darcey, deceased v. Michael F. Costello et al., in which the issues raised and the relief sought are substantially the same as in the equity cause.

Costello asks us to decide that Ellen Darcey died a domiciliary of Massachusetts. This, he argues, will result in a termination of all pending litigation. In his petition, however, he asks only that we quash such portion of the record of the probate court as relates to the executor's bond and the appointment of appraisers. It is his statement of alleged errors which prescribes the limit of our review on certiorari absent an unusual situation involving the public interest. *Brown* v. *Waldman*, 93 R. I. 489, 177 A.2d 179. Such a situation we found to exist in *Rice ex rel. Perry* v. *Town Council*, 35 R. I. 117, where objections made to ballots cast in a municipal election were considered notwithstanding that they were not set forth as errors in the petition. The instant case, however, is not so affected with the public interest.

Limited as we are on certiorari to a review of the specific errors alleged, the question of the state of decedent's domicile at her death is not before us. Such being the case we fail to see how a determination by us of the alleged illegalities enumerated in the petition will result in a more speedy conclusion of the pending litigation than would otherwise be possible. We conclude, therefore, that there are no unusual or exceptional circumstances which here warrant a departure from the rule that certiorari will not lie where another adequate remedy for review is available.

We come now to the equity cause. There the superior court enjoined Costello from removing from this state any assets of the decedent's estate. The relief sought and granted was premised on the neglect in this state to probate the decedent's estate and to have a legal representative thereof appointed, conditions which it is alleged in the bill might result in the removal of estate assets from the juris-

diction of our courts with resultant irreparable harm to O'Brien. In the interval between the hearings in the superior court and this court, however, the probate court ordered, pursuant to G. L. 1956, §§33-7-18 to 33-7-21 inclusive, that a duly authenticated copy of the decedent's will as proved and allowed in Massachusetts be filed and recorded in this state and that letters testamentary be issued to Costello.

The basis upon which the injunction was predicated no longer existing, the question of whether prior to the probate of a foreign will and the appointment of a legal representative, a distributee or an heir-at-law may restrain the removal from this state of the assets of a decedent's estate is moot and will not be answered by us. *Kimball* v. *Pelosi*, 96 R. I. 429, 192 A.2d 267, 269. This does not mean, however, that the superior court cannot and should not dissolve the injunction.

In the case of Michael F. Costello, Ex'r v. Probate Court of the City of Pawtucket, the petition for certiorari is denied and dismissed, the writ heretofore issued appearing from the return to have been improvidently issued is quashed, and the records certified are ordered returned to the respondent probate court with our decision endorsed thereon.

In the case of Elizabeth M. O'Brien v. Michael F. Costello et al., the appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings. Our action, however, is without prejudice to the right of the respondent Costello to pursue such action in the superior court for a dissolution of the injunction as he may be advised.

*Corcoran, Foley, Flynn & Treanor, Francis R. Foley,* for Michael F. Costello.

*William H. McSoley, Jr., Quentin J. Geary,* for Elizabeth M. O'Brien.