**216 A.2d 694.**

Elizabeth M. O'Brien *vs.* Michael F. Costello.

FEBRUARY 7, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

PAOLINO, J. This is an appeal from a decree of the probate court of the city of Pawtucket. The cause is before us on the respondent's exception to the decision of a justice of the superior court denying his motion to dismiss the appeal, affirm the decree and remand the case to the probate court for further proceedings.

We shall refer to Elizabeth M. O'Brien, a niece and heir of the decedent, as O'Brien and Michael F. Costello as Costello. We have considered some aspects of this cause in *Costello* v. *Probate Court,* 98 R. I. 420, 204 A.2d 307, but it will serve no useful purpose to repeat here the facts therein.

It appears that Kathryn E. Conlon, another niece and heir of Ellen M. Darcey, the deceased, has contested the validity of her purported will and codicil in Massachusetts and the appointment of Costello thereunder; that the will and codicil were admitted to probate in Massachusetts and Costello was appointed executor; and that the supreme judicial court of that state affirmed the decree in these proceedings finding that the evidence supported the conclusions that the decedent was a domiciliary of Massachusetts at the time of her death, that she had testamentary capacity when the documents in question were executed, and that no undue influence was exercised over her by Costello. *Costello* v. *Conlon,* 344 Mass. 754.

O'Brien had constructive notice of these proceedings but never appeared and was never personally served.

The Pawtucket probate court ordered the authenticated copy of Darcey's will and codicil and the Massachusetts probate thereof to be filed and recorded in Rhode Island, appointed Costello executor in Rhode Island and denied O'Brien's petition for administration.

The instant controversy concerns one of two appeals

prosecuted by O'Brien to the superior court from the decree of the probate court of Pawtucket. The first contests the denial of her petition for administration and the second the filing and recording of Darcey's will and Costello's appointment. The causes came before a justice of the superior court on O'Brien's motions to consolidate her appeals and assign them to the jury trial calendar and on Costello's motions to dismiss and remand. The petition for administration and motions pending thereunder were continued nisi until a final determination of this appeal in which the motion to assign was denied without prejudice. Costello's motion to dismiss and remand was also denied and from this decision he prosecutes this bill of exceptions.

O'Brien has filed with this court a motion to dismiss Costello's bill of exceptions on the grounds it is premature and does not lie by virtue of G. L. 1956, §9-24-24. At the outset therefore we consider this question.

While it is generally the rule that in order to avoid "piecemeal" appeals we will not review exceptions to rulings until the case has been finally determined on the merits, it is equally well settled that the rule is otherwise when special and unusual circumstances are present which affect matters of public policy and interest. *Ewing* v. *Tax Assessors,* 90 R. I. 86; *Atlantic Refining Co.* v. *Director of Public Works,* 98 R. I. 167, 200 A.2d 580. Costello asks that we dismiss the proceedings in the superior court because the federal constitution, art. IV, sec. 1, the full faith and credit clause, or in the alternative principles of comity, demand we give binding recognition to the Massachusetts decree affirmed in *Costello* v. *Conlon, supra.* In light of the facts before us, we are of the opinion that special circumstances are herein present which make these contentions of grave concern in the administration of our probate statutes. Therefore as a matter of public policy we shall consider them at this time.

O'Brien's motion to dismiss is denied.

We pass now to the merits. The main thrust of Costello's argument is that O'Brien's reasons of appeal filed in the superior court do not raise any questions of law or fact triable in that court. He bases this argument on four points.

His first point is that O'Brien's appeal amounts to a plea nul tiel record as she does not deny the existence and recording of the Massachusetts record on which Costello relies, but merely its binding effect on her. It appears to us that this contention requires some interpretation of our statute relative to the filing of foreign wills.

It is settled at common law that a will made and proved in one country must also be proved in a second in order to dispose of personal property there. *Olney* v. *Angell*, 5 R. I. 198. The manner of this proof is regulated in all states as in Rhode Island by probate statutes under which foreign wills and probates have no power to operate except so far as the statute accords them recognition. *Olney* v. *Angell*, *supra*; *Bowen* v. *Johnson*, 5 R. I. 112.

Our statute, G. L. 1956, §33-7-18, requires an executor or other interested person in a will which has been finally proved and allowed by another court to file an authenticated copy and the probate thereof in the probate court where a decedent had real or personal property. The court is then authorized to assign a time and place for hearing.

Under §33-7-19 notice of this hearing must "be given in the same manner as if said will was presented to such court for probate, *to the end that any person may appear and show cause why said copy should not be filed and recorded.*" (italics ours)

Read in pari materia with §33-7-18 and the cases decided thereunder which hold a foreign probate of a will of personalty is prima facie evidence only of its validity, it seems to us the legislature meant, in this section, to provide for a show cause hearing in the probate court aimed at the ad-

ducement of evidence going to the validity of a will as well as to the authenticity of its probate by a foreign tribunal. *Bowen* v. *Johnson, supra; Lapham* v. *Olney,* 5 R. I. 413.

By virtue of §33-23-1 a party aggrieved by a decision of the probate court has the right of appeal to the superior court. In effect, such an appeal removes a petition to the superior court for trial de novo upon all questions of law and fact and the probate decree is suspended excepting the grant of letters for the managing of a decedent's estate pending the appeal's outcome. G. L. 1956, §§33-23-2, 33-23-3; *Davis* v. *Higgins,* 59 R. I. 339; *Vaill* v. *McPhail,* 34 R. I. 361.

O'Brien's reasons of appeal filed in the superior court raise fact questions as to decedent's domicile, testamentary capacity, the factum of her will, and undue influence. As the decedent's next of kin and an interested person in the will, O'Brien was authorized, in the first instance, to litigate these questions in the probate court under §§33-7-18 and 33-7-19. We find nothing in the appeals section of the statute to prohibit their consideration on appeal and indeed are of the opinion that the very purpose of §§33-7-18 and 33-7-19 would be defeated if we were to hold otherwise.

Costello's first contention is without merit.

Secondly, Costello contends that the Massachusetts decree is res judicata on the issues O'Brien seeks to litigate here. In this connection he argues that said decree vested title to all decedent's personalty, wherever located, in her executor and that in contemplation of law its situs is in Massachusetts, her domicile at death. Consequently, he urges there are no assets in Rhode Island over which the parties may litigate.

At best, the common-law unitary concept of a single situs for a decedent's personalty is one of limited utility for the purpose of acquiring jurisdiction in rem. *Hanson* v. *Denckla,* 357 U. S. 235. The expression that a probate decree is

binding on all the world does not mean it is binding in a collateral proceeding as to facts found so far as persons who were strangers in interest are concerned. Hence, the binding effect of such a decree is limited to the assets within the rendering state but does not extend so as to conclude courts of another state as to the assets there. *Baker* v. *Baker, Eccles & Co.,* 242 U. S. 394; *Overby* v. *Gordon,* 177 U. S. 214; *Olney* v. *Angell,* 5 R. I. 198; *Bowen* v. *Johnson,* 5 R. I. 112. Consequently, the Massachusetts decree finding decedent Darcey was its domiciliary at her death could not in and of itself affect the title to or existence of assets in Rhode Island.

Furthermore, Costello argues that the principles of res judicata foreclose O'Brien from litigating here because she was a party to the Massachusetts proceedings and in privity with Kathryn E. Conlon.

So far as the assets in Massachusetts are concerned the judgment of probate was in rem; so far as it affects personalty beyond that state it acts in personam and binds only parties or their privies. *Riley* v. *New York Trust Co.,* 315 U. S. 343; *Baker* v. *Baker, Eccles & Co., supra.* In the strict sense, a party to a judgment in personam is one who is named as such in the record and is properly served with process or enters an appearance. From the authenticated copy of the Massachusetts probate proceedings, it appears that O'Brien was served with a notice of pending probate hearing mailed to her in Rhode Island, but that she neither made an appearance nor was personally served.

In a larger sense parties may also include all persons who have a direct interest in the subject matter of the action and who have a right to control the proceedings and appeal if one lies. And it has been held that, if such a person has an interest which would be injuriously affected by the judgment and has notice of the action but refuses or neglects to appear and avail himself of these rights, he will be con-

cluded by judgment although not named in the record as a party. 34 C. J. Judgments §1410, p. 992.

• •Conceding this may be a valid proposition as applied to suits by and against residents and domiciliaries within a given jurisdiction, we do not see how it can be applied so as to negate that elementary principle of jurisprudence that a court cannot acquire, by constructive notice, in personam jurisdiction over a nonresident. On this record, therefore, we hold O'Brien was not a party. *Pennoyer* v. *Neff*, 95 U. S. 714.

We turn now to the question of whether O'Brien is a privy of Kathryn E. Conlon. Costello argues that Conlon and O'Brien are in privity because they are both heirs to the same estate and therefore the latter is bound by litigation of the former in consequence of this "mutual" relationship.

The law of privity in the doctrine of res judicata concerns persons in their relation to property and not their relations to each other as to the same piece of property.

Classically defined, privies. whether in blood, in law, or in estate, occupy that relation to others because of derivative rather than mutual rights of property. 1 Freeman, Judgments (5th ed.) §438, p. 961; *Hart* v. *Moulton*, 104 Wis. 349. That is to say, only to the extent which one person has succeeded to an estate or interest formerly held by another can there be privity. Freeman, Judgments, *supra*, at p. 962. Consequently, the cases indicate that there is no privity among heirs, distributees, legatees and devisees of an estate because they claim through and by the testator, not one another. *McIntosh* v. *Wiggins*, 354 Mo. 747, cert. denied 66 S. Ct. 1015; 50 C.J.S. Judgments §814, p. 364. Furthermore affinity or consanguinity does not create privity except when it results in the descent of an estate from one to another. *Riddle* v. *Cella*, 128 N.J. Eq. 4; *Trolan* v.

430

*Rogers,* 88 Hun 422; 72 C.J.S. Privity; Privies; Privy at p. 961.

In our opinion, therefore, O'Brien's interest in the decedent's estate, whether as an heir under the will or as an heir-at-law, exists independently from that of Kathryn E. Conlon and there is no privity between them. Costello's contentions under this point are without merit.

We come now to his third point that under art. IV, sec. 1, of the United States constitution we are required to extend full faith and credit to the Massachusetts decree.

It is fundamental law that whenever a party seeks to enforce a foreign judgment in another state, the jurisdiction of the rendering court is open to inquiry and if it appears that the court has no jurisdiction the judgment is not entitled to full faith and credit. *Pennoyer* v. *Neff, supra.* This because "By the Constitutional provision for full faith and credit, the local doctrines of *res judicata,* speaking generally, become a part of national jurisprudence * * *." *Riley* v. *New York Trust Co., supra,* at p. 349.

Since we have previously determined such jurisdiction is absent here this argument is also without merit.

Finally, we come to Costello's last point that aside from the question of full faith and credit, we should enforce the Massachusetts decree on principles of comity.

In the absence of legislative restriction, comity in the application of the laws of another state rests in sound judicial discretion dictated by the facts of the case. *Finney* v. *Guy,* 189 U. S. 335, 23 S. Ct. 558; *Edgerly* v. *Bush,* 81 N. Y. 199, 204.

Comity is not a positive rule of law but one of practicality based on a proper regard for the law of a foreign state. How far foreign laws should be enforced as a basis for jurisdiction depends on the law of the forum and this rests in turn on the forum's public policy with reference to its own in-

stitutions and the interests of its citizens. *Olney* v. *Angell*, *supra*, at p. 204.

We are not persuaded this record invokes any rule of comity. As far as O'Brien is concerned the Massachusetts decree is a nullity. In the circumstances, we believe that public policy prohibits us from supplying jurisdiction over one of our citizens for the purpose of binding her under a foreign decree when that jurisdiction is otherwise lacking. See *In re Armstrong's Estate,* 4 N.Y.S.2d 413.

Although not specifically referred to herein, we have considered Costello's remaining contentions and find them to be without merit.

O'Brien's motion to dismiss is denied, Costello's exception is overruled, the decision of the trial justice is affirmed, and the case is remanded to the superior court for further proceedings.

*William H. McSoley, Jr., Quentin J. Geary,* for Elizabeth M. O'Brien.

*Corcoran, Foley, Flynn & Treanor, Francis R. Foley,* for Michael F. Costello.