220 A.2d 177 (1966)
James R. OLEAN
v.
ZONING BOARD OF REVIEW OF the TOWN OF LINCOLN.
M.P. No. 1698.
Supreme Court of Rhode Island.
June 8, 1966.
Edmund A. Baldi, North Providence, for petitioner.
Harry W. Asquith, Sol. for Town of Lincoln, William C. Hillman, Providence, for applicant.
JOSLIN, Justice.
This is a petition for certiorari brought by a remonstrant to review a decision of the zoning board of the town of Lincoln granting the applicants "a special exception to operate the Brae Crest School of Ballet as a continuation of the present operation * * *." Pursuant to the writ the pertinent records have been certified to this court.
It appears that the applicants are the owners of certain premises located in an agricultural residence district in which a "school or college" is a permitted use. The premises which consist of approximately seven acres of land and on which are situated three buildings have since 1958 been utilized as a private school where ballet theory and practice as well as French are taught. In addition instruction is also offered in "classical ballet, history of ballet, dance therapy, classical Russian ballet, Theatre History, instruction in anatomy, therapy for disturbed people, folk dancing from different countries and language."
In 1964 the owners applied to the town building inspector for permission to erect a raised-wooden platform or stage which they proposed to use for giving private dancing lessons. When that application was denied they appealed to the zoning board which upheld the building inspector's decision on the ground that "the main use [conduct of the school] was never established as legal use by a zoning board of the Town of Lincoln."
*178 The applicants rather than petitioning this court for certiorari to review that decision applied instead to the zoning board for a "Special exception to operate the Brae Crest School of Ballet as a continuation of the present operation." While the record does not unequivocally indicate what prompted a request so couched and for such a purpose, it apparently was at least in part induced by the board whose records disclose that coincident with the denial of the appeal from the building inspector's decision it voted "to notify the operators of Brae Crest to petition this board for a special exception, so that the school may be legally establidshed." In any event and whatever may have been the reason for filing the application, the relief sought was in substance for a pronoucement that the use was legally established and that the premises could continue to be used as they had been continually since 1958. The board acted favorably to the applicants and voted to grant "a special exception to operate the Brae Crest School of Ballet as a continuation of the present operation * *."
At the outset it is well to make clear the nature of the proceedings in this court. They were not initiated by the applicants for a review of the denial of the appeal from the building inspector's decision, but by an owner of adjoining property who had appeared as a remonstrant at the hearing before the zoning board on the application for an exception and who now in his petition to us questions only the legality of the board's authorizing a continuance of a use previously established. We limit the scope of our review to the statement of the errors alleged in the petition. That is the rule in certiorari. Costello v. Probate Court, R.I., 204 A.2d 307; Brown v. Waldman, 93 R.I. 489, 177 A.2d 179.
In our judgment, the board was clearly without jurisdiction to act on the petition for an exception and its decision should be quashed. Zoning boards are statutory bodies. Their powers are legislatively delineated. They are empowered to hear appeals from the determinations of adminstrative officers made in the enforcement of the zoning laws and in addition they may authorize deviations from the comprehensive plan by granting exceptions to or variations in the application of the terms of local zoning ordinances. Garreau v. Board of Review, 75 R.I. 44, 63 A.2d 214; Ralston Purina Co. v. Zoning Board, 64 R.I. 197, 12 A.2d 219. Notwithstanding that the enabling legislation does not permit nor the ordinance authorize any additional jurisdiction, the respondent board by purporting to confirm the legality of a pre-existing use in substance assumed to itself the power to issue declaratory judgments. This it had no right to do.
Whatever legality may inhere in the applicants' operation of a ballet school, either past or future, attaches on this record not as the result of any relief within the power of the zoning board of grant but from the zoning ordinance as a permitted ue or under § 45-24-10 of the enabling legislation as a nonconforming use. This is so irrespective of whether or not a ballet school is a "school or college" within the contemplation of the zoning ordinance, a question on which the authorities are divided, see annotation 85 A.L.R.2d 1150, and which we donot reach. If deemed a "school or college," legality of the use exists becuase the conduct of a school or college is permitted in an agricultural residence district; if on the other hand the question of wheter it be school or college is otherwise resolved, then the use acquires its legality because it pre-existed the enactment of the zoning ordinance. However the present use may be considered, it is clear that on this record there was no justiciable issue to which the board's jurisdiction could attach.
The petition for certiorari is granted, the decision of the respondent board is quashed, and the records certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.