268 A.2d 431.

ARTHUR B. CAMERON *et ux. vs.* MUNROE KNIGHT *et al.*

AUGUST 5, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J.   Arthur B. and Loretta G. Cameron applied in 1969 to the Town Council of Foster for a license to create and operate a family campground on a 26-plus acre tract of land owned by them and located on Kennedy Road. Their application was filed under a local ordinance adopted in 1965, the enabling legislation for which, petitioners say,

is P. L. 1960, chap. 37 and P. L. 1965, chap. 22. Notice was duly given and a public hearing was held. The applicants appeared neither personally nor by counsel, and no testimony was offered in favor of the application. Owners of neighboring property, however, attended and remonstrated. Thereafter, in a brief and terse opinion and without stating any reason therefor, the town council denied the application. The Camerons sought review by petitioning for certiorari. We ordered the writ to issue.

Notwithstanding that petitioners applied for relief under the ordinance, the principal thrust of their argument to us is that the local ordinance is illegal, first, because it exceeds the authorization contained in the enabling legislation and, secondly, because the state preempted the field by subsequently enacting legislation regulating camping areas (G. L. 1956, chap. 21 of title 23, as amended). We do not reach these arguments because on certiorari we review only the allegations contained in the application for the issuance of the writ. *Olean* v. *Zoning Board of Review*, 101 R. I. 50, 220 A.2d 177; *Henry* v. *Thomas*, 100 R. I. 564, 217 A.2d 668; *Costello* v. *Probate Court*, 98 R. I. 420, 204 A.2d 307. Here the petition for certiorari, instead of asserting the invalidity of the ordinance, as now argued, assumed its validity and claimed entitlement to the license on the ground that all of its requirements were fully satisfied.

One of those prerequisites is that an application for a camping license must be accompanied by a certification of the town health officer stating that "* * * the facilities intended to be installed on the proposed camping area and the services to be available to persons camping there will be adequate to meet water supply needs, sewerage and garbage disposal needs and that the proposed camping area will otherwise present a healthy environment for camping."

The record certified to us includes a copy of petitioners' application, but does not contain either the required certificate of the local town health officer or a certification by any state health official which might perhaps have been substituted for that of the town health officer under G. L. 1956 (1968 Reenactment) §23-2-16, which provides in pertinent part that

"Whenever in the general laws of 1956, as amended, the words 'local health officers,' 'health officer' or 'board of health' or any other word or phrase connoting a local health board or local health officer is used, appropriate wording shall be substituted so as to vest such power and authority in the state department of health or the director thereof * * *."

Instead, the record and the application include only a statement by one of the applicants to the effect that the facilities proposed to be constructed had been approved by a state health official.[1] That certification will hardly suffice to satisfy the ordinance requirement that the town health officer must certify that the water supply, sewerage and garbage disposal facilities are adequate and that the area will otherwise provide a healthy environment. The failure to include the requisite certificate was fatally de-

---

[1]"Mr. & Mrs. Arthur B. Cameron
32 Coggeshall Ave.,
Bristol, Rhode Island 02809                    May 13, 1969
                    C E R T I F I C A T E
This is to certify that the facilities listed and intended for public use on this camping area have been approved by the State of Rhode Island, Dept., of health, food, and sanitation sec.
Required Facilities:
    1—Artisian well. [sic]
    2—Hot and cold running water in wash rooms.
    3—Pit-privies to be used will be constructed as per construction and specifications plans issued by the U.S. Dept., of Health, Education, and Welfare. This plan approved by the State of Rhode Island division of food and drug control, sanitation and food section.
                    Signed,
                          Mr. Arthur B. Cameron"

500

fective and in those circumstances the only option open to the town council was to deny the application for a license.

The petition for certiorari is denied and dismissed and the writ heretofore issued is quashed.

*Leo Patrick McGowan, John P. Bourcier,* for petitioners.

*Bradford Gorham,* Town Solicitor, for respondents.