Gale F. McKEE and Michael McKee, Appellants,

v.

Harold WILMARTH and Neill Wilmarth, Respondents.

No. WD 38647.

Missouri Court of Appeals, Western District.

April 28, 1987.

Jefferson G. Broady, Rock Port, for appellants.

Zahnd, Dietrich and Ross, Maryville, for respondents.

Before PRITCHARD, P.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

Plaintiffs Gale and Mike McKee appeal from a grant of a summary judgment for defendants Harold and Neill Wilmarth on their malicious prosecution action in which the trial court found plaintiffs' cause of action barred by collateral estoppel because of an earlier final judgment involving plaintiff, Mike McKee and defendants' employer, Farmer's Elevator Company. This court affirms in part and reverses in part.

The controversy revolves around a scale ticket from Farmer's Elevator Company for 302 bushels of soybeans. In plaintiffs' petition, "Technical Changes of the Seconded Amended Petition Including Prayer," for malicious prosecution, they allege that on November 27, 1982, Harold and Neill Wilmarth, employees of the elevator company, commenced a prosecution against plaintiffs Gale McKee and his son, plaintiff Mike McKee,[1] by advising law enforcement officials that the scale ticket issued by the elevator to Mike McKee was false or a forgery and that the elevator had not received the soybeans from plaintiffs. They further allege that the prosecution was instigated by a false report by Harold and Neill Wilmarth of a forged ticket and that defendants knew or had reasonable grounds to believe that the scale ticket represented the delivery of soybeans to the elevator from plaintiffs; that this action by defendants were generated by ill will, spite, personal hatred and vindictive motives toward plaintiffs. Plaintiffs assert the criminal charges stemming from defendants' instigation were dismissed by the state as to Mike McKee; and that on July 13, 1983, Gale McKee was acquitted by a jury on the same.

Plaintiff Mike McKee had brought a previous civil action against Farmer's Elevator Company for the recovery of the price of beans which he alleged were delivered to the elevator company. On June 10, 1985, the jury found for Farmer's Elevator Company against plaintiff Mike McKee. The jury was asked to find whether "plaintiff caused to be delivered on November 27, 1982, 302 bushels of soybeans, and ... the defendant accepted such soybeans." It is on this basis that the trial court found that the principle of collateral estoppel should be applied to Mike McKee and to Gale McKee, as a party in privity with his son Mike McKee, on the claims against both Harold and Neill Wilmarth: "[t]he issue in the prior case was identical with the issue in the present case, namely were the beans delivered?"

■ In determining whether a party should be foreclosed from relitigating issues which have been previously adjudicated, the reviewing court should consider: (1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate this issue in the prior suit. *Hudson v. Carr*, 668 S.W.2d 68, 70 (Mo. banc 1984); *Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713, 719 (Mo. banc 1979). The court in *Oates, supra,* eliminated the requirement of mutuality of

---

**1.** Count I was by Gale McKee against Harold Wilmarth. Count II was by Gale McKee against Neill Wilmarth. Count III was by Mike McKee against Harold Wilmarth and Count IV was by Mike McKee against Neill Wilmarth. Each count contained substantially similar allegations.

estoppel, that the party asserting the estoppel is also bound by the estoppel. *Id.* But the court found fairness to be the overriding consideration in determining whether or not to apply the Doctrine of Mutuality. *Id.*

The main contention presented by plaintiffs is the failure to meet the first of the four elements of collateral estoppel: whether the prior civil action for damages decided the same issue of fact presented in the malicious prosecution action at bar. Plaintiffs assert the issue of the delivery of grain to the elevator is different from the issue of whether defendants made false or fraudulent statements to the authorities about a forgery of a scale ticket and the theft of grain. At first glance, these issues appear to be dissimilar, however, upon closer study, they are cast in the same mold.

The jury determined in the previous case that the beans were not delivered. This evidence was based upon the admittance into evidence of the scale ticket. As part of Mike McKee's proof of delivery, he would have had to establish the validity of the scale ticket. Similarly, in the action sub judice, the question of whether the statements made by defendants to the authorities were false turns on whether the scale ticket accurately reflects the delivery of beans and if plaintiff Mike McKee did in fact deliver the beans. The jury found no delivery had been made and plaintiff Mike McKee is precluded from retrying this issue. The determination of an issue like this that is essential to the judgment and was actually litigated is conclusive in a subsequent action where both causes of action arise out of the same subject matter or transaction. *Consumers Oil v. Spiking Co.,* 717 S.W.2d 245, 250 (Mo.App.1986). We note that as to Mike McKee all four factors listed in *Oates* and *Hudson, supra,* exist for the application of collateral estoppel.

Appellants allege that the application of this doctrine to Gale McKee is ill-fitting—factor (3) above is lacking: that the party against whom collateral estoppel is asserted was a party or in *privity with a party* to the prior adjudication. Privity exists when one is so connected with the party to the judgment that there exists an identity of interest in the subject matter of the litigation. It does not matter that the person may happen to be interested in the same question or in proving or disapproving the same facts. *American Polled Hereford Association v. City of Kansas City,* 626 S.W.2d 237, 241 (Mo.1982); *Retirement Board of Police Retirement v. Noel,* 652 S.W.2d 874 (Mo.App.1983). The mere fact alone that the parties have a blood relationship does not establish privity. *See generally Lamb v. Stubblefield,* 200 S.W. 695 (Mo.App.1918); *see also Gaul v. Tourtellotte,* 260 Or. 14, 488 P.2d 416, 420 (1971); *O'Brien v. Costello,* 100 R.I. 422, 216 A.2d 694, 699 (1966) *cert. denied,* 384 U.S. 988, 86 S.Ct. 1889, 16 L.Ed.2d 1005 (1966); *Arsenault v. Carrier,* 390 A.2d 1048, 1051 (Me.1978).

Respondents point to Gale McKee's deposition testimony to support their assertion that privity exists:

Q. Did you have an interest, Mr. McKee—did you have an interest in these 302 bushels of soybeans?

A. Yes, to a certain extent.

Q. What was that?

A. I was going to see that my boy made the farming go, and I furnished the money.

Q. And was he going to share in any way the money that came from these soybeans with you?

A. Not necessarily; some. Just pay a little back as I give him, is all. In other words, for the gas and fuel and beans; that's the way we would do it.

. . .

Q. And you were in the courthouse during the whole time it was tried?

A. Yeah, when the trial was going I was in the courthouse.

Q. Part of the time excluded from the courtroom under the rule concerning witnesses?

A. Yeah.

This testimony reveals that: (1) Gale McKee testified at the earlier proceedings and (2) his relationship with his son in regard to the beans was nebulous. This court notes a creditor may be bound by a judgment concerning the property at issue if the debtor was a party to that litigation, *see First National Bank v. Burns*, 199 S.W. 282, 284 (Mo.App.1917); however, a characterization of a debtor-creditor relationship from the testimony above would be faulty. Other evidence revealed the scale ticket did not contain Gale McKee's name; whether the ticket could be attributable to Gale McKee was not answered in the prior suit. Under these facts, this court cannot say Gale McKee was in privity with his son and that his interests were fully represented in the prior suit.

Judgment affirmed as to Mike McKee and reversed as to Gale McKee.

All concur.