228 A.2d 111.

GEORGE CURLEY *vs.* IRENE CURLEY.

APRIL 5, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.    George Curley brought this petition for a writ of certiorari to review a decree of the family court in a proceeding commenced in that court by his wife, Irene Curley, entitled Irene Curley vs. George Curley and docketed as Misc. Petition No. FCM-115C-P. We issued the writ and pursuant thereto the pertinent records have been certified to this court.

At the outset we note that this petition is entitled George Curley vs. Irene Curley, obviously because Mr. Curley brought the instant petition. Unnecessary confusion results from this practice. We believe the better practice in

all cases seeking a review of the action of another tribunal is to keep the name of the case the same as it was in the original proceeding. With this in mind, we shall treat this petition as though it were entitled Irene Curley v. George Curley. See *Korsak* v. *American Motorists Ins. Co.*, 87 R. I. 89, and *White* v. *White*, 70 R. I. 48.

The pertinent facts are as follows. In 1962 Mr. and Mrs. Curley were living in Massachusetts. In November 1962 Mrs. Curley filed an action for separate maintenance without divorce proceedings in the probate court of Middlesex County in the Commonwealth of Massachusetts. She alleged therein that her husband had failed to provide suitable support for her and her minor children, Michael George Curley (now 23 years of age) and Dennis M. Curley (still a minor); that she was actually living apart from him for justifiable cause; that he had deserted her; and that he was guilty of cruel and abusive treatment towards her. She prayed that Mr. Curley be prohibited from imposing any restraint on her personal liberty; that an order be entered concerning her support and the care, custody and maintenance of the children; and that a writ be issued attaching his real estate. Her husband entered a general appearance in that action.

The travel of the Massachusetts proceeding was as follows. On November 16, 1962 an interlocutory order was entered prohibiting Mr. Curley from imposing any restraint on the personal liberty of his wife. The decree awarded the care and custody of the children to Mrs. Curley pending a hearing on the merits, or until further order of the court.

On February 26, 1963 another interlocutory order was entered requiring Mr. Curley to pay, pending a hearing on the merits of the petition, or until the further order of the court, the sum of $500 forthwith, the sum of $100 weekly

for her support and that of the minor children, and the further sum of $100 for expenses without prejudice.

On June 26, 1963 a third interlocutory order was entered awarding Mrs. Curley $400 for support pending a hearing on the merits, and discharging the attachment on her husband's real estate.

On June 20, 1963 the parties filed a stipulation providing for separate support of $300 weekly for the support of Mrs. Curley and their minor son, Dennis M. Curley, and providing for visitation rights for Mr. Curley. The stipulation also contains a provision permitting Mrs. Curley and their minor children to occupy a residence owned by her husband in Stoneham, Massachusetts, but no other reference is made therein to the question of custody.

On June 28, 1963 the probate court of Middlesex County entered a decree on Mrs. Curley's petition. After stating that it appeared to the court that she was actually living apart from her husband for justifiable cause, "to wit, cruel and abusive treatment," the decree concludes with the following order:

> "It Is Decreed that the parties comply with the stipulation filed herewith but not recorded and incorporated by reference, until the further order of the Court."

Certified copies of all pertinent records in the Massachusetts proceeding are exhibits in the case at bar. It appears therefrom that the decree entered on June 28, 1963 remains in full force.

On November 29, 1965 Mrs. Curley filed in the family court of Rhode Island a petition for relief without commencement of divorce proceedings under the provisions of G. L. 1956, §15-5-19. The statute states, in pertinent part, that "whenever a cause is in existence which is, or if continued will be cause for divorce," the court

70

"\* \* \* may restrain either party from interfering with the personal liberty of the other, and may regulate the custody and provide for the education, maintenance and support of the children \* \* \* and may \* \* \* make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any such petition in case she has no property of her own available for such purpose \* \* \* and may assign to the petitioner a separate maintenance out of the estate or property of the husband or wife \* \* \*."

In her petition she states that she is a resident of Wakefield, Massachusetts; that Mr. Curley is now a resident of Cumberland, Rhode Island; that the grounds for divorce are extreme cruelty and gross misbehavior; and that she has no property of her own available for the purpose of enabling her to prosecute her petition.

She prays that the family court award her an allowance for the purpose of enabling her to prosecute the petition; that it award her a separate maintenance out of the estate or property of her husband; that it regulate the custody and provide for the education, maintenance and support of their minor child, Dennis M. Curley, age 16; and that respondent be restrained from interfering with her personal liberty.

Mr. Curley entered a special appearance in the family court to contest the jurisdiction of that court on the grounds that the issues raised by Mrs. Curley had been litigated and determined by the probate court in the Massachusetts proceeding in which both parties had appeared generally.

After hearing Mr. Curley's motion attacking its jurisdiction, a justice of the family court held that it had jurisdiction over the parties and the subject matter. On February 17, 1966, he entered a decree to that effect and ordered the case marked ready for hearing on the merits.

When we granted Mr. Curley's motion for leave to file the instant petition, Dennis M. Curley, the minor child

of the parties, was residing with his mother in Massachusetts. Although the stipulation filed in the probate court on June 20, 1963 does not expressly refer to the child's custody, since provision is made therein for visitation rights for Mr. Curley it may be reasonable to assume that the parties intended the custody should continue in the mother. However, on this record we do not reach this question. At the hearing before this court Mr. Curley's counsel represented that since the filing of her petition in the family court, Mrs. Curley has voluntarily given up custody of the minor child to his father. In the circumstances, in so far as this proceeding is concerned, the question of custody is now moot and requires no further consideration.

We consider next the question whether the family court has jurisdiction to hear and decide the issues raised by the remaining allegations in Mrs. Curley's petition. The relief sought in the family court is identical to that obtained in the Massachusetts court. Mr. Curley argues that since all the issues raised by Mrs. Curley in the family court are identical to those raised and litigated in the probate court in Massachusetts, the family court lacks jurisdiction to hear her petition. In our opinion this contention lacks merit.

The family court clearly had jurisdiction over the parties and the subject matter. It seems to us that, although Mr. Curley has argued this issue on jurisdictional grounds, he is really arguing that in the peculiar circumstances of this case an exercise of jurisdiction would constitute an abuse of discretion. That question is not before us at this time since the family court has not acted except to pass on its own jurisdiction. For the reasons stated, we conclude that the writ in this case was improvidently issued.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified pursuant thereto are ordered returned to the family court with our decision endorsed thereon.

*Gerald A. Oster, Irving N. Espo,* for petitioner.

*Kirshenbaum & Kirshenbaum, Isidore Kirshenbaum,* for respondent.