322 A.2d 294.

A. T. & G., INC. *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF NORTH SMITHFIELD *et al.*

JULY 17, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

459

ROBERTS, C. J. This petition[1] for certiorari was brought to review the action of the Superior Court reversing a decision of the Zoning Board of Review of the Town of North Smithfield that a preexisting nonconforming use.

---

[1]When this petition was filed, it was captioned Jane Anne Dresser et al. v. A. T. & G., Inc. et al. However, on a petition for writ of certiorari, we adopt the title of the case as it appears in the lower court.. *Curley v. Curley,* 102 R. I. 67, 228 A.2d 111 (1967); *Korsak v. American Motorists Ins. Co.,* 87 R. I. 89, 138 A.2d 419 (1958).

had been discontinued for a period of over one year.[2] Pursuant to the writ the pertinent records in the case have been certified to this court.

The property under consideration was formerly owned by Omer J. and Mabel Trudel and is located on the northwesterly side of Victory Highway in North Smithfield. The petitioners, Jayne A. Dresser, Ernest Archambault, and Rene Dubois, are adjoining landowners.

It appears that the land for some years had been used by Trudel in the conduct of a small trucking business. While the testimony is in conflict as to whether Trudel had discontinued a nonconforming use, it is clear that on June 16, 1972, the property was conveyed to respondent, A. T. & G., Inc. The record discloses that on May 1, 1972, the building inspector of the town of North Smithfield decided that the Trudel property could continue to be used for the operation of a trucking business. In his decision the building inspector appears to concede that while a trucking business was not a permitted use in an area zoned for residential uses, the trucking operation conducted thereon by Trudel was a preexisting nonconforming use that had not been discontinued. The board, on an appeal from the decision of the building inspector, decided that the nonconforming use had been discontinued and further that there had been an unlawful enlargement thereof, the Trudel trucking business having employed

---

[2]The decision of the Zoning Board of Review of the Town of North Smithfield reads, in part, as follows: "The Board grants the appeal of Jayne Ann Dresser from the Zoning Inspector's decision. A pre-existing, non-conforming trucking operation has, 1) discontinued operation for a period of more than one full year, and 2) enlarged the formerly pre-existing non-conforming use. The Board finds that the firm of A.T.[&]G., Inc., is operating contrary to the Town of North Smithfield Zoning Ordinance and should cease and desist all operations on lot # 131, plat # 1, immediately."

only three trucks, while respondent was using eight tractors and eleven trailers on the property.

The decision of the board was reviewed by the Superior Court on an appeal prosecuted pursuant to the provisions of G. L. 1956 (1970 Reenactment) §45-24-20. That court, first, reversed the decision of the board that a preexisting nonconforming use had been discontinued for a period of more than one year and, second, sustained the decision of the board in finding that there had been an illegal enlargement of the preexisting nonconforming use.

The petitioners have brought before this court for review by way of certiorari the decision of the Superior Court reversing the board's finding that the preexisting nonconforming use had been discontinued. A review by this court of the decision of a subordinate tribunal by way of certiorari is limited to a determination of the presence in the record of legally competent evidence that will support the findings of that tribunal. On such a review we do not weigh the evidence. *Hardman* v. *Personnel Appeal Board,* 100 R. I. 145, 152-53, 211 A.2d 660, 664 (1965); *Masyk* v. *Parshley,* 94 R. I. 282, 290, 180 A.2d 314, 318 (1962).

It is perhaps desirable that we first determine the question of whether respondent, A. T. & G., Inc., is entitled to a review in this court of the Superior Court's affirmance of the board's decision that there had been an illegal enlargement of the nonconforming use. While respondent did not petition this court for a writ of certiorari, it did seek to use petitioners' writ as a vehicle upon which to raise that issue before this court. After respondent had filed its brief, petitioners moved to dismiss that portion of respondent's brief which raised and argued this issue. We denied the motion without prejudice to the right of petitioners to renew it at the hearing on the merits. *Dresser* v. *A. T. & G., Inc.,* 112 R. I. 917-18, 310 A.2d 147 (1973).

In this court, the only procedure available to one seeking to obtain review of a decision of the Superior Court affirming or reversing a ruling of a local board is to petition this court for the prerogative writ of certiorari and to allege therein specifically the error or errors it seeks to have reviewed. *Bassi* v. *Zoning Board of Review*, 107 R. I. 702, 271 A.2d 210 (1970). It it also the rule in this state that where the court is reviewing a decision of a subordinate tribunal by way of certiorari, that review is limited to the allegations of error which appear in the petition for the writ. Only where a matter of substantial public interest is involved will we depart from this general rule. *Cameron* v. *Knight,* 107 R. I. 497, 268 A.2d 431 (1970); *Olean* v. *Zoning Board of Review*, 101 R. I. 50, 220 A.2d 177 (1966); *Costello* v. *Probate Court,* 98 R. I. 420, 204 A.2d 307 (1964).

The respondent in this case, not having petitioned for certiorari, did not itself bring the question of whether an illegal expanded use was being made of the land. Neither have petitioners, for obvious reasons, included that issue in the specification of error in their application for the writ. It is clear, then, in the circumstances, that the issue of whether the Superior Court erred in affirming the board's decision that there was an illegal enlargement of the nonconforming use is not before us.

There remains the question of whether the nonconforming use terminated prior to the conveyance of the property to respondent. The board in its decision makes clear that the reason for holding that the nonconforming use had discontinued was that it had not been exercised "for a period of more than one full year." Obviously, this conclusion of the board was based upon art. IV, sec. 1(C), of the ordinance, which provides: "If a pre-existing use is discontinued or abandoned for a period of one full year, it shall not be allowed to be resumed * * *." However, it

is our opinion that the local legislature, in enacting art IV, sec. 1(C), of the ordinance, was acting ultra vires of its authority in that it was attempting to abridge in the ordinance a right granted by the enabling act. *Hardy v. Zoning Board of Review*, 113 R. I. 375, 321 A.2d 289 (1974). *Hartunian v. Matteson*, 109 R. I. 509, 288 A.2d 485 (1972).

Section 45-24-10 of the enabling act specifically saves preexisting nonconforming uses. To that end, the statute prohibits the enactment by a local legislature of an ordinance provision intended to prevent the continuance of any use to which the land was lawfully devoted at the time of the enactment of the ordinance.[3] In our opinion, the Legislature intended to proscribe the adoption of any provision in a zoning ordinance which is designed to prevent the continuance of nonconforming uses. It is, then, our opinion that the cessation of a use for some period of time prescribed in an ordinance will not, standing alone, support a conclusion that the use had been terminated. That being so, it is our further opinion that the board misconceived the law applicable in this case.

It is generally held that where the word "discontinuance" is used in an ordinance prohibiting resumption of nonconforming use after a period of cessation, it is construed to mean "abandonment." To constitute an "abandonment," there must be an intention to relinquish and permanently cease to exercise a known right to devote the property to a permitted nonconforming use, evidenced by an overt act or a failure to act sufficient to support an implication of such intent. 2 Rathkopf, *The Law of Zoning and Plan-*

---

[3]General Laws 1956 (1970 Reenactment) §45-24-10 reads as follows: "Pre-existing uses saved.—No ordinance enacted under the authority of this chapter shall prevent or be construed to prevent the continuance of the use of any building or improvement for any purpose to which such building or improvement is lawfully devoted at the time of the enactment of such ordinance."

464

*ning,* ch. 61 (3d ed. 1972). In most jurisdictions the cessation or discontinuance of a use is merely evidence that is relevant to the issue of the existence of an intent. *"[T]he decisive test is whether the circumstances surrounding such cessation of use are indicative of an intention to abandon the use and the vested rights therein." Id.* at 61-3. Under such ordinances, and we are here confronted with such an ordinance, the finding that a nonconforming use has been discontinued requires a finding of an intent to abandon the use. We recognized this doctrine in *Richards* v. *Zoning Board of Review,* 100 R. I. 212, 213 A.2d 814 (1965).

The Superior Court, in reversing the decision of the board, conceded that the board did not make findings of fact adequate to disclose the evidence upon which it based its conclusions, leaving a reviewing court to speculate on those reasons. *Hopf* v. *Board of Review,* 102 R. I. 275, 230 A.2d 420 (1967); *Health Havens, Inc.* v. *Zoning Board of Review,* 101 R. I. 258, 221 A.2d 794 (1966). The court took the view, however, that the conclusions of the board were sufficient to enable it to review the decision without speculating with respect to the reasons on which that decision rested. *Winters* v. *Zoning Board of Review,* 80 R. I. 275, 96 A.2d 337 (1953). The situation here is one in which the board, by the conclusory character of the statements in its decision, discloses that its determination was based upon a clear misconception of the applicable rule of law.

In *Avakian Funeral Home, Inc.* v. *Zoning Board of Review,* 100 R. I. 439, 216 A.2d 704 (1966), we noted that these boards have an obligation to exercise adequately the factfinding power conferred upon them in order to enable this court to intelligently determine on review whether error of law does or does not inhere in the decision. In the instant case the only discernable ground for the decision

as disclosed by the board was based upon a misconception of the law relating to the termination of nonconforming uses by discontinuance. That being so, we are constrained to conclude that the case should be remanded to the Superior Court for such further action as that court deems appropriate.

The petition for certiorari is granted, the decision of the Superior Court is quashed, and the cause is remanded to the Superior Court for further proceedings in accordance with this opinion.

*Lavine & Sutherland, Paul P. Baillargeon,* for petitioners.

*Macktaz, Keefer and Kirby, Paul A. Fontaine,* for respondents.