337 A.2d 233.

TOWN OF COVENTRY *vs.* HICKORY RIDGE CAMPGROUND, INC. *et al.*

MAY 8, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This is another facet of a lengthy and litigious controversy concerning the establishment and operation of a campground trailer park in the town of Coventry. *Hardy* v. *Zoning Board of Review,* 113 R. I. 375, 321 A.2d 289 (1974); *Town of Coventry* v. *Hickory Ridge Campground, Inc.,* 111 R. I. 716, 306 A.2d 824 (1973); *Hartunian* v. *Matteson,* 109 R. I. 509, 288 A.2d 485 (1972). This particular phase of the litigation concerns the denial by a Superior Court justice of a motion by the appellants to intervene in a suit instituted by Coventry's town solicitor in which he sought to restrain operations at the campsite.

It has been the well-established law in this jurisdiction that the General Assembly has assigned to city or town solicitors the responsibility of initiating suit to restrain violations of or to compel compliance with the provisions of a local zoning ordinance. *Town of Lincoln* v. *Cournoyer,* 95 R. I. 280, 186 A.2d 728 (1962). However, in *Town of Coventry* v. *Hickory Ridge Campground, Inc., supra,* we recognized an abutting landowner's right to employ the provi-

sions of Super. R. Civ. P. 24 and be given status as intervenors in a suit begun by the solicitor. We stressed that only an abutting owner could intervene. At oral argument it was conceded that none of the appellants are abutting owners. Since the appellants are not threatened "with the special injury of economic loss" as is the abutting owner, their motion to intervene was properly denied. Their sole interest as residents and taxpayers in the strict enforcement of Coventry's zoning ordinance does not give them the requisite standing. *See D'Almeida* v. *Sheldon Realty Co.,* 105 R. I. 317, 252 A.2d 23 (1969).

The instant appeal is denied and dismissed.

*Paul A. Anderson,* Asst. Town Solicitor, for appellee.

*Marion J. Dillon, Francis J. Maguire, Nolan & Dailey, Leo J. Dailey,* for appellants.