DECISION
The plaintiff, Cheaters, Inc. (plaintiff), brings this appeal of the August 22, 1996 written decision of the Zoning Board of Review of the City of Providence (Board) which allowed the use of a building for adult entertainment at premises owned by PCRL Realty Co., Ltd. and operated by defendants, Scharnhorst, Inc.(defendants). This court possesses jurisdiction pursuant to G.L. 1956 § 45-24-20.
FACTS
The Assessor designates the subject property as Assessor's Plat 22, Lots 50 and 177 in a Downtown D-2 Zone, located at 521-525 Eddy Street, Providence, Rhode Island. On February 16, 1996, defendants filed an appeal with the Board from a decision rendered by the Director of the Department of Inspection and Standards which disallowed the use of the subject premises for adult entertainment. The record discloses that the members of the Board made a site inspection of the premises and noted its location within the D-2 Zone on May 17, 1996. (See Board Decision.) The Board conducted an advertised public hearing on the appeal on May 20, 1996. At the hearing, the defendants offered into evidence the transcript of a deposition of Mr. Raymond Dettore, Chairman of the Providence Board of Licenses, and the live testimony of Pat Cortellessa, the sole shareholder and officer of PCRL and the major shareholder of Scharnhorst, Inc. Mr. Loqa, the Director of the Department of Building and Inspections for the City of Providence, also testified. Plaintiff did not present any evidence on the record at the hearing.
On August 6, 1996, the five-member board voted unanimously to reverse the decision of the Director of the Department of Inspection and Standards which disallowed the use of the subject premises for adult entertainment. In its written Resolution of August 22, 1996, the Board supported its decision with findings of fact. Specifically, the board found that the Director had failed to present any substantial evidence to prove that the subject premises were not legally being used for adult entertainment. Furthermore, the board found that the documents submitted into the record by the Appellant (defendants) were factual and substantial.
The plaintiff filed the instant, timely appeal.
Standard of Review
The Superior Court reviews zoning board decisions pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69 (D) which provides in pertinent part:
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of finding, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law.
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the record discloses substantial evidence to support the board's decision. Apostolou, et al v. Genovesi, et al, 120 R.I. 501, 507,388 A.2d 821, 825 (1978). "Substantial evidence" means more than a scintilla but less than a preponderance of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou, 120 R.I. at 507, 388 A.2d at 824-25). See also Salve Regina College v. ZoningBoard of Review, 878 R.I. 594 (1991). The court must examine the record below to determine whether competent evidence exists to support the tribunal's findings. New England Naturist Ass'n. Inc.v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town ofNarragansett v. Int'l Ass'n of Fire Fighters AFL-CIO, Local1589, 119 R.I. 506, 380 A.2d 521 (1977)).
Justiciability of Appeal
Only an aggrieved party may appeal a decision of a zoning board to the Superior Court. See G.L. 1956 (1991 Reenactment) § 45-24-69. Both the ordinance and the statute define an aggrieved party as:
 "(a) Any person or persons or entity or entities who can demonstrate that their property will be injured by a decision of any officer or agency responsible for administering the zoning ordinance of city or town; or
 (b) Anyone requiring notice pursuant to this chapter."
The legislature requires the "aggrieved" status of parties in order to ensure "concrete adverseness" between the parties.Goodrich, et al v. Cumberland Zoning Board of Review et al, C.A. No. 94-6977, November 28, 1995, Ragosta, J. (citing BlackstoneValley Chamber of Commerce v. Public Utilities Com'n.,452 A.2d 931, 932-33 (R.I. 1982)). It is well-settled that generalized grievances do not rise to the level of "aggrievement" for purposes of contesting a zoning board action. See Primerica v.Planning and Zoning Com'n of Greenwich, 558 A.2d 646, 650 (Conn. 1989); Town of Coventry v. Hickory Ride Campground, Inc., et al,114 R.I. 581, 582, 337 A.2d 233, 234 (1975) (requisite standing to contest a zoning board action does not arise merely from movant's status as a town resident and taxpayer). The Rhode Island Supreme Court recognizes that aggrievement in the personal sense calls for "an actual and practical, as distinguished from a theoretical, interest in the controversy and requires a showing. . .that the use of [the person's] property will be adversely affected by the decision." City of East Providence v.Shell Oil Co., 110 R.I. 138, 139, 290 A.2d 915 (1972). Furthermore, the Rhode Island Supreme Court requires that the facts establishing the petitioner's status as an aggrieved person must either appear in the record from the lower court or must be set out in the petition. D'Almeida v. Sheldon Realty Company,105 R.I. 317, 318, 252 A.2d 23, 24 (1969).
Plaintiff in the instant case does not automatically qualify as an aggrieved person under G.L. 1956 (1991 Reenactment) §45-24-69 (b), as the plaintiff, located outside of the statutorily-prescribed area, was not entitled to notification under this section. Therefore, in order to qualify as an aggrieved person for the purposes of contesting the action of the Board, the plaintiff would have to demonstrate facts sufficient to establish aggrievement either in the record from the lower court or in plaintiffs petition. The certified record of this case from the City of Providence is completely devoid of any evidence to indicate plaintiffs status as an aggrieved person. The record reveals that the Plaintiff failed to present any evidence, or even to appear, at the hearing. Furthermore, an examination of the plaintiffs complaint in the instant appeal reveals that the plaintiff merely alleges the following:
 " 1. Plaintiff, Cheaters, Inc., is a corporation organized under the laws of the State of Rhode Island."
Plaintiff's status as a Rhode Island corporation does not satisfy the aggrieved person requirement of City of EastProvidence, supra, as plaintiffs allegation fails to establish an actual interest in the controversy or to establish that the use of property would be adversely affected by the board's decision. Because the plaintiff has failed to present any evidence of its aggrieved status, either on the record or in its decision, this court finds that the plaintiff does not qualify as an aggrieved person within the purview of the applicable statute and therefore, lacks standing to appeal the board's decision. Accordingly, the plaintiff's appeal is denied and dismissed, and the decision of the board is affirmed.
Counsel shall submit the appropriate judgment for entry.