David **TIBBETTS**

v.

**STANLEY BOSTITCH, INC.**

No. 96–301–M.P.

Supreme Court of Rhode Island.

Jan. 30, 1998.

John Harnett, Providence, for Plaintiff.

Jacqueline Kelley (DHS), Michael T. Wallor, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

This case came before the Supreme Court on a petition for certiorari to review a decree of the Workers' Compensation Court Appellate Division (Appellate Division) that declared that the Rhode Island Department of Human Services (DHS) is not entitled to reimbursement out of the proceeds of a lump-sum settlement for financial assistance provided to an injured employee. The Appellate Division found, and we concur, that the financial assistance was paid during a period when the employee was ineligible to collect workers' compensation benefits. Although the particulars in the record are scarce, and at times contradictory, we set forth below the salient facts to this procedurally unusual case.

## Facts and Travel

On September 19, 1987,[1] David Tibbetts (Tibbetts) incurred a work-related injury and received workers' compensation benefits representing at least a six-month period that concluded on March 22, 1988. Several years later, while Tibbetts was unemployed, DHS paid Tibbetts financial assistance from July 1992 through April 1993, in the amount of $1,607. No claim for workers' compensation benefits was pending in the Workers' Compensation Court at the time financial assistance benefits were paid. Subsequently, over one year later, on November 7, 1994, the Workers' Compensation Court entered a decree commutating Tibbetts' workers' compensation claim to a lump-sum settlement of $30,000 in future benefits. The employer's insurance company, apparently alerted to the impending claim for reimbursement by DHS, issued a check jointly payable to Tibbetts and DHS for the amount of the purported lien.

Before the Workers' Compensation Court, Tibbetts argued that the receipt of financial assistance payments did not coincide with his collection of workers' compensation benefits and that therefore, DHS was not entitled to reimbursement. The trial judge, however, disagreed and found that DHS was entitled to reimbursement pursuant to G.L.1956 § 40–6–9, which provides that a recipient of public assistance shall be deemed to have assigned any accounts recovered, up to the amount of the financial assistance originally received, to DHS. Tibbetts appealed to the Appellate Division, which held that the trial court had overlooked § 40–6–10 and its requirement that the receipt of workers' compensation benefits must coincide with the receipt of financial assistance payments in order for a valid lien to attach and reversed the decision of the trial justice. On July 9, 1996, we granted the state's petition for certiorari. After carefully considering the record, we conclude that competent evidence exists to support the Appellate Division's decision and therefore affirm.

## Analysis

We have on previous occasions set forth the standard of review for cases like the one presently before us.

"We note initially that our scope of review on writs of certiorari is limited to a review of the record. General Laws 1956 (1977 Reenactment) § 42–35–16. We may review only questions of law which appear in the petition. *Providence Journal Co. v. Mason*, 116 R.I. 614, 620, 359 A.2d 682, 685 (1976); *A.T. & G., Inc. v. Zoning Bd. of Review*, 113 R.I. 458, 462, 322 A.2d 294, 296 (1974). The grounds for reversal must appear on the face of the record. *Prospecting Unlimited, Inc. v. Norberg*, [119 R.I. 116, 123], 376 A.2d 702, 706 (1977); *Lemoine v. Department of Mental Health, Retardation & Hospitals*, 113 R.I. 285, 288, 320 A.2d 611, 613 (1974). We do not weigh the evidence, however, we merely search for any legally competent evidence that supports the decision under review. *Prospecting Unlimited, Inc. v. Norberg*, [119 R.I. at 123], 376 A.2d at 706; *Lemoine v. Department of Mental Health, Retardation & Hospitals*, 113 R.I. at 288, 320 A.2d at 613." *Almstead v. Department of Employment Security, Board of Review*, 478 A.2d 980, 982–83 (R.I.1984) (quoting *Berberian v. Department of Employment Security*, 414 A.2d 480, 482 (R.I.1980)).

In the instant case the record reveals that the trial court failed to consider § 40–6–10 when it held that DHS was entitled to reimbursement for the financial assistance it had previously provided to Tibbetts. Section 40–6–10 provides in pertinent part:

"(2) Whenever an employer or insurance carrier has been notified by the department that *an individual is an applicant for or a recipient of assistance payments * * * for a period during which the individual is or may be eligible for benefits under the Workers' Compensation Act, chapters 29—38 of title 28, the notice shall constitute a lien in favor of the department, upon any pending award, order, or settlement to the individual under the*

---

1. In addition to September 19, 1987, the record also indicates the date of injury as September 9, 1987, December 9, 1987, and September 19, 1988. For the purposes of this opinion, however, we shall continue to use September 19, 1987.

*Workers' Compensation Act.* The employer or his or her insurance carrier shall be required to reimburse the department of human services the amount of the assistance payments and/or medical assistance paid to or on behalf of the individual for any period for which an award, order, or settlement is made.

"(3) *Whenever an individual becomes entitled to or is awarded workers' compensation for the same period with respect to which the individual has received assistance payments * * * the division or com-* mission is hereby required to and shall incorporate in any award, order, or approval of settlement, an order requiring the employer or his or her insurance carrier to *reimburse the department the amount of the assistance payments and/or medical assistance paid to or on behalf of the individual for the period for which an award, order or settlement is made.*" (Emphases added.)

Here the Appellate Division found that "[t]he only periods of time for which the employee was eligible to receive workers' compensation benefits in the instant case was for the period of November 23, 1987, through March 22, 1988, and for a period after November 7, 1994." In addition, the Appellate Division also found that financial assistance benefits were paid to Tibbetts from July 1992 through April 1993. Therefore, we hold that in the circumstances presented by this case, the findings of fact by the Appellate Division are not sufficient to trigger § 40–6–10, and absent fraud, these findings are binding on this tribunal. *See Blecha v. Wells Fargo Guard–Company Service*, 610 A.2d 98, 102 (R.I. 1992).

### Conclusion

For the foregoing reasons the petition for certiorari is denied, and the judgment of the Appellate Division is affirmed. The writ heretofore issued is quashed, and the papers in this case may be remanded to the Workers' Compensation Court.

